# CIRCUIT COURT OF BALTIMORE CITY.

Filed February 3, 1927.

## ANNIE E. DEHN
### VS.
## HENRY DEHN, ET AL.

*Arthur E. Hamm* and *Hartwell M. King* for complainant.

*William N. McFaul* for defendants.

FRANK, J.—

The amended petition sets up a claim based on a contract of employment of the petitioners, as her attorneys, by Annie E. Dehn. In this contract she agreed to pay to said attorneys 25 per cent. of whatever sum she might receive, by way of compromise, settlement or otherwise in this case.

On April 4, 1926, several months after the passage of the decree in Mrs. Dehn's favor herein, the petitioners filed in this case an order to the clerk to enter the said decree to their own use to the extent of 25 per cent. thereof. The order stated that it was in accordance with the said contract, a copy of which was annexed thereto. The contract conferred no authority upon the petitioners to cause the decree to be entered to their use, and the order filed was not signed by the petitioners.

Subsequently Mrs. Dehn employed other counsel and the latter caused an attachment to issue on said decree and, under said attachment, the sum of $1,522.20 was collected. No part of said sum ever came into the possession of the petitioners.

The demurrer rests on the ground that the entry of the decree to the use of the petitioners was without authority; that it was not authorized by the terms of their contract with Mrs. Dehn and that, therefore, is entitled to no force and effect. It is further contended that, under the well-established law in Maryland, attorneys are not entitled to any lien growing out of their contracts with clients, nor for professional services rendered by them as attorneys. Marshall vs. Cooper, 43 Md. 46; that the Chancellor, therefore, has no power to order payment of the sum claimed or any other sum. In Strike's case, 1 Bland, 91, the Court said: "The Chancellor must in all cases leave the contract between the solicitors and suitors to be settled and decided upon in like manner as all other contracts. They cannot, and ought not to, be introduced into and blended with any pending suit." This decision was followed in Marshall vs. Cooper, supra, and other cases, and unquestionably states the Maryland rule. The authorities quoted by the petitioners are either cases from other States, or text book statements based on cases in other jur-

isdictions, where a rule prevails not in accord with the Maryland rule.

The decision in this matter, then, depends solely upon the authority of the petitioners to cause a decree to be entered to their use. Their contract of employment gives them no express authority to make such entry. The contract was drawn by them and, being a contract with their client, can obviously give rise to no presumptions in their favor. The only authority to which I have been referred, which recognizes an implied power in an attorney to cause a decree or judgment in favor of his client to be entered to his own use, is Zinsser vs. Zinsser, 83 Pa. Sup. Court, the opinion in which admits that there is no authority for the conclusions there reached. Pennsylvania holds contrary to the Maryland doctrine in ruling that such an agreement, as is herein involved, amounts to an equitable assignment in favor of the attorney. In Section 54, page 47, of 2 Poe's Practice (Tiffany's edition), the author states that on judgments not reduced into possession by actual collection, the attorney in Maryland has no lien. Beyond the taxed costs his claim must be asserted like a claim arising upon any other contract; and in Section 205, page 151, in the same volume, Mr. Poe states that where an entry of a judgment is to the use of the attorney himself as a means of securing an equitable lien on the claim for the payment of his fee, the attorney should be especially careful to procure the signature of his client to such transfer of his interest. I think that this is the sounder rule and shall follow it.

I hold, therefore, that the demurrer to the amended petition must be sustained. I reach this conclusion with some regret. If the allegations of the amended petition can be sustained by proof, the petitioners appear to have rendered services which would entitle them to the compensation provided for in their contract of employment. Their remedy, however, would seem to be in another court. In any event, it does not seem to me that they are entitled to rely upon the entry of the decree to their own use. If it is desired, leave to amend within fifteen days will be granted.